UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NOAH GLENN RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-cv-281 |
| | ) | *Phillips* |
| | ) | |
| SHERIFF RONALD L. SEALS[1], | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. The matter

is before the court on the defendant's motion for summary judgment. Plaintiff has not filed

a response to the motion for summary judgment and the court deems plaintiff to have waived

his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn.

1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons,

the court finds this action should be **DISMISSED WITHOUT PREJUDICE** for failure to

exhaust administrative remedies, and the defendant's motion for summary judgment will be

**GRANTED** to that extent. All other pending motions will be **DENIED** as **MOOT**.

---

[1]Bruce Montgomery, the sheriff of Sevier County, Tennessee, and the Sevier County Jail were the original defendants in this action. The court *sua sponte* dismissed the Sevier County Jail as a defendant. Sheriff Montgomery died on February 9, 2007, and Ronald L. Seals was appointed by the Sevier County Commission as his replacement. Because plaintiff did not state the capacity in which Sheriff Montgomery was sued, he is considered sued in his official capacity. Sheriff Montgomery's successor, therefore, is automatically substituted as party defendant. Fed. R. Civ. P. 25(d).

Plaintiff brought this action during his confinement in the Sevier County Jail; he has since been transferred to the custody of the Tennessee Department of Correction. The defendant is the Sheriff of Sevier County, Tennessee. Plaintiff's complaint primarily concerns an alleged denial of medical care for his right hip and pelvis. According to plaintiff, he requires a total hip replacement, but was refused any treatment or medication for his condition. Plaintiff also complains that jailers broke his television set when his cell was pressure washed, but refused to repair or replace the television set. The defendant moves for summary judgment on several grounds, including plaintiff's failure to exhaust administrative remedies.

Pursuant to the Prison Litigation Reform Act (PLRA), before a prisoner may bring a civil rights action pursuant to 42 U.S.C. §1983, he must exhaust all available administrative remedies. 42 U.S.C. §1997e; *Porter v. Nussle*, 534 U.S. 516 (2002). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). This means the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 2384.

As the Supreme Court has recently noted, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007). Nevertheless, the *Jones* Court also held "that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921.

Plaintiff alleges in his complaint that he filed a motion for a medical furlough with the Sevier County Circuit Court and that he also filed a grievance, but heard from neither. He attached a copy of an inmate grievance form in which he asked for a doctor's appointment for his medical condition. [Court File No. 3, Complaint for Violation of Civil Rights and attachment]. Plaintiff subsequently submitted a letter he sent to Nurse Tammy, in which he sought information about a doctor's appointment; her response was for plaintiff to complete a medical request form, which is attached to the letter. [Court File No. 6, Motion to Appoint Counsel and Notice of Filing Documents]. Plaintiff later submitted the grievance he filed concerning his television, with the grievance officer's handwritten response denying relief. [Court File No. 10, Letter from plaintiff].

The defendant moves for summary judgment for the reason that plaintiff did not appeal any administrative decision on his grievances and thus failed to properly exhaust all administrative remedies. Plaintiff has not filed a response to the motion for summary judgment, nor has he otherwise shown that he appealed the denial of relief. Accordingly, plaintiff's complaint must be dismissed for failure to fully exhaust administrative remedies. The defendant's motion for summary judgment will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

   **AN APPROPRIATE ORDER WILL ENTER.**

                                                                    s/ Thomas W. Phillips
                                                              United States District Judge